UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATHENA DIAGNOSTICS, INC. *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 4:09-cv-40199-FDS |
| | ) | Civil No. 4:09-cv-40200-FDS |
| v. | ) | Civil No. 4:09-cv-40201-FDS |
| | ) | Civil No. 4:09-cv-40202-FDS |
| AMBRY GENETICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT FOR SCHEDULING CONFERENCE
## UNDER FED.R.CIV.P. 26(f) AND LOCAL RULE 16.1(D)

The four captioned actions are patent infringement cases brought against defendant

Ambry Genetics Corporation ("Ambry") under 35 U.S.C. §§1 *et seq*. by (a) Athena Diagnostics,

Inc. ("Athena") as the exclusive sublicensee of the four patents in issue; (b) The General

Hospital Corporation ("MGH"), The University of Chicago ("Chicago"), and Baylor College of

Medicine ("Baylor") as the owners of the patents in issue; and (c) Correlagen Diagnostics, Inc.

("Correlagen") as the exclusive licensee/sublicensor of the four patents. Pursuant to Fed.R.Civ.P

26(f) and Local Rule 16.1(D), the parties in the four actions submit the following Joint Report

and Statement for the Scheduling Conference set in each of the four actions for April 29, 2010.

1. **Discovery Plan.** A joint discovery plan is set forth below in accordance with

Fed.R.Civ.P 26(f)(3) (the "Joint Plan"). The Joint Plan also includes the deadlines for events

addressed in the Court's form of Scheduling Order, and items addressed in Local Rule 16.6

relating to patent infringement actions. The parties have discussed the matters raised by

Fed.R.Civ.P. 26(f)(3), and agree to, and propose that the Court adopt, the following:

a)      <u>Disclosures under Fed.R.Civ.P. 26(a)</u>.  Plaintiffs served their disclosures under Fed.R.Civ.P. 26(a)(1) on April 16, 2010.  Ambry requests that its disclosure required by Fed.R.Civ.P. 26(a)(1) will be made no later than May 21, 2010.

b)      <u>Subjects of discovery</u>.  Discovery may include whether the patents in issue are infringed, whether the patents in issue are valid, whether the various plaintiffs have standing to sue, whether any of Ambry's affirmative defenses bar or limit its liability, and the damages and other relief, if any, to which the Plaintiffs may be entitled if the patents are infringed and valid. Additionally, discovery may be necessary to determine whether third parties have prior art that would invalidate the patents at issue. Completion dates for discovery are set forth in the Joint Plan.

In light of the recent federal court decision in *Association for Molecular Pathology, et al. v. United States Patent and Trademark Office, et  al.,* 09-Civ.-4515, -- F. Supp. 2d --, 2010 WL 1233416 (S.D.N.Y. March 29, 2010) (Sweet, D.J.), Ambry requests that the court phase discovery pursuant to LR. 26.3  to first determine if any of the asserted claims are patentable under 35 U.S.C. § 101.  Plaintiffs contend that the foregoing U.S. District Court decision from the Southern District of New York (often reported as *the "Myriad"* case) raises the legal issue of whether the patent claims are directed to patentable subject matter under 35 U.S.C. §101, not factual issues that would involve discovery.  Accordingly, Plaintiffs contend that the District Court's decision in the *Myriad* case presents no reason for any phasing of discovery.  Moreover, the *Myriad* decision represents the legal view of one District Court Judge in one District, and will almost certainly be appealed to the Supreme Court by whichever party loses on appeal at the Federal Circuit Court of Appeals.  That is a further reason why this Court should not

phase discovery in this litigation merely on the basis of Judge Sweet's decision in the *Myriad* case.

    c)    <u>Electronically stored information</u>.  The parties have discussed the issues raised in Fed.R.Civ.P. 26(f)(3) and Local Rule 16.6(A)(7), and agree to the following procedures and limits on the preservation and discovery of electronically stored information ("ESI"):

    (i)  The "litigation hold" the parties have instituted on relevant documents includes ESI on active systems, but that a "litigation hold" need not be instituted on back-up or archive systems; and discovery of ESI will be limited to active systems unless there is a need for some specific discovery from back-up or archive systems that warrants the cost of such discovery.

    (ii) ESI of each person identified in the parties' Initial Disclosures under Fed.R.Civ.P. 26(a)(1) will be searched for document production.

    (iii)Searches of ESI for production will be limited to the following time periods, except for good cause shown on any given issue:

        i.    For the patent owners (MGH, Chicago and Baylor), from the time work started on the research or development of the work that led to the inventions claimed in the patent owners' respective patents in issue, through the date that Ambry was given notice of its alleged infringement of the patents, provided, however, that ESI concerning prior art to any patent-in-suit shall be produced irrespective of the date work started on the inventions claimed in the patents;

        ii.   For Athena and Correlagen, from the date of the first contact by either of them with any entity concerning the licensing of *<Plaintiffs propose that this provision be limited to the licensing of "any of the **patents in suit**"; Ambry proposes that this provision be expanded to include the licensing of "**any gene-related patent**">*, through the date that Ambry was given notice of its alleged infringement of the patents:

iii. For Ambry, from the date any of its employees first considered developing or offering for sale any genetic test for mature onset diabetes of the young, neonatal diabetes mellitus, or persistent hyperinsulinemic hypoglycemia (also known as congenital hyperinsulinism), through the date it first learned of the filing of the Complaints, except that ESI regarding Ambry's performance of the accused tests after the filing of the Complaints will be included within the search.

(iv) Each party shall bear its own costs of producing its ESI, except that the parties will negotiate in good faith if one of the parties finds that a request for production would require an inordinate cost.

(v) Other aspects of production of ESI will be handled in accordance with the agreement annexed hereto as Exhibit A.

d) <u>Claims of privilege and trial preparation materials</u>.  The parties request that the Court incorporate into its order the following agreement between the parties regarding the assertion of claims of privilege and trial preparation materials after production:

The inadvertent or unintentional production of documents containing, or other disclosure of, any privileged information or trial preparation material shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided, however, that the disclosing party promptly upon discovery of the inadvertent or unintentional disclosure notifies the other party thereof and requests return of the inadvertently produced privileged or work product material.  In that event, the other party shall return to the disclosing party any privileged or work product material that was inadvertently disclosed.

e) <u>Limitations on discovery</u>.  The parties agree that discovery taken in any one of the four captioned actions may be used in any of the other actions, and that each side will coordinate its discovery requests among the four actions to minimize any redundant discovery among the four actions.  Accordingly, the parties propose that discovery be limited as provided in Local Rule 26.1(C), with the following changes:

(i)  The total number of depositions in the four actions shall be limited for each case as provided in L.R. 26.1(C), except that depositions taken for the sole purpose of establishing the authenticity or admissibility of documents shall not count against that limit.

(ii) Depositions under Fed.R.Civ.P. 30(b)(6) in any of the cases will not be limited to seven (7) hours, but each seven (7) hours of a Rule 30(b)(6) deposition will count as one (1) deposition toward the limit.

(iii)The parties may serve contention interrogatories in each case.

(iv)Requests for admissions served in each case to establish the authenticity or admissibility of documents shall not count against the limit of twenty-five (25) requests for admissions.

(v)  The parties will not be required to disclose trial preparation communications with their expert trial witnesses or drafts of those witnesses' reports, but if requested by the other side, will produce all documents and other materials given or shown to their expert trial witnesses in connection with these actions.

f)   Other Orders to be considered by the Court.  The parties are filing a joint motion to request that the Court enter a stipulated protective order pursuant to Rule 26(c) to address issues of confidentiality arising during discovery in all four cases.

2.    **Dispositive Motions.**  A proposed schedule for dispositive motions is set forth in the Joint Plan below.

3.    **Initial Pretrial Conference.** The parties propose that an initial pretrial conference be held the later of the week of <*Plaintiffs propose the week of May 30, 2011; Ambry*

*proposes the week of July 25, 2011>*, or 30 days after the Court issues its decision on dispositive

motions  The parties shall prepare and submit a pretrial memorandum in accordance with Local

Rule 16.5(D) five business days prior to the date of the conference, except that the parties need

not include matters required by Local Rule 16.5(D)(2) or (3).

4.      **Trial by Magistrate Judge:**   The parties do not consent to trial by Magistrate

Judge.

5.      **Settlement:**   Plaintiffs have presented a written settlement proposal to Ambry.

Ambry has provided a counter-proposal.

6.      **Certifications.**   The parties are separately filing certifications required by Local

Rule 16.1(D)(3) prior to the Scheduling Conference.

7.      **Joint Plan.**   The parties submit the following Joint Plan, with each side

presenting its proposed dates for discovery, dispositive motions, proceedings under Local Rule

16.6 relating to patent cases, and other dates raised by the Court's Notice of Scheduling

Conference issued March 16, 2010.

Ambry asserts the following in connection with its proposed dates: Plaintiffs' proposed

schedule does not consider the fact that this "action" really is **four separate** actions.  Plaintiffs

need little discovery since Defendant is a small company with a limited number of employees for

the purposes of discovery.  In contrast, Defendant will require significant discovery.

Defendant's proposed schedule takes into consideration the complexity of the four litigations.

For example, Defendant will be required to conduct discovery in four distinct cases, involving

four different patents with 122 claims covering different technologies, allegedly invented by

twenty-one different inventors at three or more different institutions around the country (where

the inventors may no longer work), and prosecuted by four different patent law firms.

Furthermore, Defendant will need to conduct discovery from third parties relating to invalidating prior art for these patents.  Additionally, Plaintiffs have alleged that  different, multiple diagnostic tests performed by Defendant infringe four patents-in-suit requiring considerable analysis of the distinct patents and claims contained therein.  Thus, a litigation of this magnitude will require significant discovery by Defendant.  Additionally, because the subject matter of the asserted patents varies greatly, Defendant proposes a separate Markman Hearing for each patent. Plaintiffs' proposed consolidated Markman Hearing for all patents-in-suit is self-serving, impractical and prejudicial to Defendant.

Plaintiffs assert the following in connection with their proposed dates:  These actions were filed six months ago, and Ambry was given a copy of the complaints on the same day that they were filed, November 18, 2009.  During the past six months in which it has known of this litigation, Ambry has presumably not sat by idly; presumably, Ambry has been preparing actively for the litigation since it received the complaints more than six months ago.  For example, Ambry presumably started working on its Rule 26(a) initial disclosures many months ago and, therefore, Plaintiffs assert that Ambry's initial disclosures should not be delayed for six weeks after they were due under F.R.Civ.P. 26(a)(C), as Ambry proposes in its following schedule.  Under Plaintiffs' proposed schedule, fact discovery will be completed a full year after Ambry was served with the complaints; and the cases should be ready for a Markman Hearing 14 months after Ambry was served with the complaints.

| Plaintiffs' Proposed Schedule | Defendant's Proposed Schedule | |
|---|---|---|
| Plaintiffs served their Rule 26(a) Disclosures on April 16, | May 21, 2010 | Initial disclosures required by Fed. R. Civ. P. 26(a)(1 ) |

| 2010 | | |
|---|---|---|
| June 4, 2010 | July 28, 2010 | Amendment of Pleadings deadline (Without leave of Court) |
| Plaintiffs served their Preliminary Infringement Disclosures on April 21, 2010 | | Preliminary Infringement Disclosures:  Plaintiffs shall serve and file their preliminary disclosure of the claims alleged to be infringed. Plaintiffs shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  Plaintiff shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents.  If Plaintiffs have not already done so, they shall produce all documents supporting their contentions and/or identify any such supporting documents produced by Ambry.<br><br>Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing.  After that time, such disclosures may be amended or supplemented only pursuant to L.R. 16.6 Appendix ¶ D(1) or by leave of court, for good cause shown. |
| June 16, 2010 (7 months after the complaints were served) | July 16, 2010 (just over 3 months from when Plaintiffs identify the patent claims that they allege are infringed) | Preliminary Invalidity and Non-Infringement Disclosures:  Ambry shall serve and file Preliminary Invalidity and Non-Infringement Contentions.  Ambry shall identify prior art that it alleges anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry.  If applicable, Ambry shall also specify any other grounds for invalidity.  *<Plaintiffs propose that Ambry identify the grounds for the four other invalidity defenses alleged by Ambry, by inserting here the words: "such as indefiniteness, best mode, enablement, or written description"; Ambry opposes its having to specify the grounds for these invalidity defenses that it has alleged and proposes that it only be required to comply with LR 16.6.>*  If Ambry has not already done so, it shall produce all documents relevant to the invalidity defenses and/or identify any such supporting documents produced by Plaintiffs. Further, if Ambry has not already done so, it shall produce documents sufficient to show operational details of the accused product(s) or method(s) that Plaintiffs identified in their preliminary infringement disclosures.<br><br>In addition, Ambry's Preliminary Invalidity and Non-Infringement Disclosure will also respond to Plaintiffs' Preliminary Infringement Disclosures by specifying the particular contentions in Plaintiffs' Preliminary Infringement Disclosures with which it disagrees.<br><br>Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing.  After that time, such |

| | | |
|---|---|---|
| | | disclosures may be amended or supplemented only pursuant to L.R. 16.6 Appendix ¶ D(l) or by leave of court, for good cause shown, except that, if Plaintiffs amend or supplement their Preliminary Infringement Disclosures, Ambry may likewise amend or supplement its disclosures within 30 days of service of Plaintiffs' amended or supplemented infringement disclosures. |
| August 20, 2010 (9 months after the complaints were served) | April 2, 2011 (Ambry contends that the parties should be free to conduct discovery until fact discovery closes, within the limits of L.R. 26.1(C) | All requests for production of documents and interrogatories must be served. |
| Oct. 1, 2010 | April 2, 2011 (same) | All requests for admissions must be served. |
| Sept. 24, 2010 (10 months after the complaints were served) | Nov. 12, 2010 (less than 7 months after Plaintiffs identified the claims-at-issue) | Claim Construction Proceedings:<br><br>(1) The parties shall simultaneously exchange on <*Plaintiffs propose September 24, 2010; Ambry proposes November 12, 2010*>, a list of claim terms to be construed and their respective proposed constructions, which may include an expert report (to the extent the proponent of such expert intends or expects to rely on such expert testimony in connection with claim construction) on issues relating to claim construction. Any rebuttal expert report (to the extent the proponent of such expert intends or expects to rely on such expert testimony in connection with claim construction) shall be served by <*Plaintiffs propose October 15, 2010; Ambry proposes December 3, 2010*> (3 weeks after exchanging the list of claim terms).<br><br>(2) If any party serves an expert report on issues relating to claim construction, depositions of the experts on claim construction, if any, shall be completed no later than <*Plaintiffs propose October 29, 2010; Ambry proposes December 17, 2010*> (2 weeks after the deadline for rebuttal expert reports).<br><br>(3) No later than <*Plaintiffs propose November 5, 2010 (1 week after the deadline for expert depositions on claim construction); Ambry proposes January 7, 2011 (3 weeks after the deadline for* |

| | | |
|---|---|---|
| | | *expert depositions on claim construction)* the parties shall confer to determine whether they can <u>narrow the issues for claim construction</u>.<br><br>(4)  No later than <*Plaintiffs propose <u>November 19, 2010</u> (2 weeks after the deadline for the parties' meeting to narrow claim construction issues; Ambry proposes <u>February 4, 2011</u> (4 weeks after the deadline for the parties' meeting to narrow claim construction issues)>*, the parties shall simultaneously exchange and file <u>preliminary claim construction briefs</u>.  Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction.  Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes. |
| Nov. 19, 2010 (one year after the complaints were served) | May 6, 2011 (one year after Plaintiffs identify the patent claims-at-issue in the four cases) | <u>Fact Discovery Completion</u>:  All fact discovery, including depositions of fact witnesses, must be completed.  If the fact discovery period has expired before a claim construction ruling, and upon motion or stipulation of the parties, the Court may grant additional time for discovery.  Such additional discovery shall be limited to issues of infringement, invalidity or unenforceability dependent on the claim construction. |
| Nov. 22, 2010 | May 9, 2011 | <u>Status Conference</u>.  The parties request that the Court hold a status conference during the week of <*Plaintiffs propose a status conference during the week of <u>November 22, 2010</u>; Ambry proposes a status conference during the week of <u>May 9, 2011</u>>*, which is the week following the proposed close of Fact Discovery. |
| Dec. 3, 2010 | March 4, 2011 | <u>Further Claim Construction Proceedings</u>:<br>(5)  No later than <*Plaintiffs propose <u>December 3, 2010</u> (2 weeks after the exchange of preliminary construction briefs); Ambry proposes <u>March 4, 2011</u> (4 weeks after the exchange of preliminary claim construction briefs)>*, the parties shall simultaneously exchange and file <u>reply briefs</u>.  Absent leave of court, reply briefs shall be limited to 15 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.<br><br>(6)  No later than <*Plaintiffs propose <u>December 17, 2010</u>; Ambry proposes <u>March 18, 2011</u>>* (2 weeks after the exchange and filing of the reply briefs), the parties shall finalize the list of disputed terms for the court to construe.  The parties shall prepare and file <u>a joint claim construction and prehearing statement</u> (hereafter the "joint statement") that identifies both agreed and disputed terms. |

| | | |
|---|---|---|
| | | (a)   The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses.  Ambry requests separate Markman Hearings for each patent-in-suit because of the differences in technical subject matter; Plaintiffs suggest that the question of the number of Markman Hearings be addressed in the joint statement, or be left to the discretion of the Court after it receives the joint statement.<br><br>(b)   The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.<br><br>(c)   The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.  The parties may use the form in L.R. 16.6 Appendix ¶B(4)(e). |
| Dec. 17, 2010 (13 months after the complaints were served) | March 1, 2011 (11 months after Plaintiffs identify the patent claims-at-issue in the four cases) | <u>Expert Witnesses Designation</u>.  With regard to all issues on which it has the burden of proof, each side must designate its trial experts and disclose the information contemplated by Fed.R.Civ.P. 26(a)(2). |
| Jan. 14, 2011 | May 16, 2011 | <u>Claim Construction Hearing (a/k/a "Markman Hearing")</u>:  The parties request that Court schedule hearing date(s) during the week of <*Plaintiffs propose a Markman Hearing during the week of <u>January 14, 2011</u> (4 weeks after the filing of the joint construction statement); Ambry proposes Markman Hearings during the week of <u>May 16, 2011</u> (8 weeks after the filing of the joint claim construction statement)*>.  Defendant requests separate Markman Hearings for each patent-in-suit because of the differences in technical subject matter.  Plaintiffs suggest the question of the number of Markman Hearings be addressed in the joint statement, or be left to the discretion of the Court after it receives the joint statement. |
| Two weeks after the Court's ruling on claim construction | | <u>After the Markman Hearing</u>:<br>If necessary, the parties may amend their preliminary infringement/non-infringement and invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn. |
| Jan. 28, 2011 | April 15, 2011 | <u>Expert Rebuttal Witness Reports</u>.  Each side must designate its rebuttal trial expert and disclose the rebuttal information |

| | | contemplated by Fed.R.Civ.P. 26(a)(2). |
|---|---|---|
| Feb. 25, 2011 | May 28, 2011 | Expert Discovery Completion:  All expert discovery, including depositions of expert witnesses, must be completed.  If expert discovery has been substantially completed before a claim construction ruling, then the Court may grant additional time for supplemental expert discovery.  Such additional discovery shall be limited to issues of infringement, invalidity or unenforceability dependent on the claim construction. |
| Mar. 25, 2011 | May 20, 2011 | Dispositive Motions.  All dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed. |
| Apr. 15, 2011 | June 11, 2011 | Oppositions to dispositive motions must be filed (3 weeks after service of the motion). |
| May 30, 2011 (18 months after the complaints were served) | July 25, 2011 (approx. 15 months after the initial scheduling conference and the start of fact discovery) | Initial Pretrial Conference.  The parties propose that an initial pretrial conference be held the later of the week of <*Plaintiffs propose the week of* May 30, 2011; *Ambry proposes the week of* July 25, 2011>, or 30 days after the Court issues its decision on dispositive motions. |

Respectfully submitted,

ATHENA DIAGNOSTICS, INC., THE
GENERAL HOSPITAL CORPORATION, THE
UNIVERSITY OF CHICAGO and BAYLOR
COLLEGE OF MEDICINE

By their attorneys,


_____/s/ David J. Brody_____
David J. Brody (BBO #058200)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts  01742
Tel.:  (978) 341-0036
Fax:  (978) 341-0136
E-Mail:  david.brody@hbsr.com

CORRELAGEN DIAGNOSTICS, INC.

By its attorneys,


_____/s/Terry Klein_____
Terry Klein (BBO # 652052)
HENSHON PARKER LLP
160 Federal Street, 10th Floor
Boston, Massachusetts  02110
Telephone: (617) 367-1800
Facsimile: (617) 507-6454
tklein@henshon.com

*Of counsel:*
Steven D. Moore (*Pro hac vice motion filed*)
smoore@kilpatrickstockton.com
Matias Ferrario (*Pro hac vice motion filed*)
mferrario@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500


Dated:  April 21, 2010
976820_1

AMBRY GENETICS CORPORATION

By its attorneys,


_____/s/ Richard S. Sanders_____
Richard S. Sanders (BBO #562014)
Dean Farmer (BBO #669950)
Cooley Godward Kronish LLP
500 Boylston Street
Boston, Massachusetts  02116
Tel.:  (617) 937-2300
E-mail: rsanders@cooley.com


Jessica Wolff
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, California 92121-1909
Tel:  (858) 550-6000
E-mail :  jwolff@cooley.com
Tryn T. Stimart
Cooley Godward Kronish LLP
777 6th Street NW, Suite 1100
Washington, DC  20001
Tel:  (202) 842-7800
Email:  tstimart@cooley.com

## <u>CERTIFICATE OF SERVICE</u>

I, David J. Brody, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 21, 2010.


      /s/ David J. Brody
David J. Brody

**Exhibit A to Rule 26(f) Joint Statement for Scheduling Conference Regarding Production of Electronically Stored Information**

Each party shall produce documents as single-page tiffs, whether they are originally paper or electronic, with load files in which the file name matches the Bates number.  One exception to the production in tiff format is that all Excel spreadsheets and Microsoft Project files should be produced in their native format, with load files in which the file name matches the Bates number along with a bates numbered tiff as a place-holder for each document produced natively.  Athena requests that all load files it receives be formatted for Concordance including a dat file with standard Concordance delimiters and an Opticon load file.  Ambry may request that load files it receives be formatted in whatever format it prefers.

Each party shall produce all documents which are originally electronic with their electronic text extracted, and shall produce documents which are originally paper with text generated by OCR.  If an electronic document does not contain extractable text, the document should be produced with text generated by OCR.  In addition, all parties should exchange document productions on CDs, DVDs, or portable hard drives.

Each party shall include the following fields in all load files:

1. Starting Bates #
2. Ending Bates #
3. Number of pages
4. Text  (The contents of this field should be the text extracted from the electronic documents or the text generated by OCR)

Each party shall also include the beginning attachment and ending attachment bates numbers in their corresponding fields for all electronically stored emails.

For ESI only, each party shall exchange the following extracted metadata fields to the extent that the metadata exists as the documents have been maintained during the ordinary course of business:

1. Mailstore folder
2. To
3. From
4. Subject
5. Cc
6. Bcc
7. Attachments
8. Date sent
9. Time sent
10. Date rec'd
11. Time rec'd
12. File name
13. File size

14. Document extension
15. Title
16. Author
17. Date created
18. Time created
19. Date last modified
20. Time last modified
21. Custodian
22. Document type

The parties shall not be required to exchange metadata or extracted text for redacted documents, but will provide OCR.

976820_1